UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                                                              Bankr. No. 24-32068

Leland Francis Gohlike,

     Debtor.                                                                    Chapter 11, SubchapterV

ORDER

This matter came before the Court upon Debtor's Motion for an Order (1) Granting Expedited Relief and (II) Approving a Sale Free and Clear of Liens, Claims and Encumbrances (the "Motion"). [ECF No. 26]. Objections were timely filed by secured creditors Carlota Estevez [ECF No. 29] and EGK Capital, LLC [ECF No. 30]. The court convened a hearing on Tuesday, October 8, 2024 (the "Hearing"). Appearances were noted on the record. After the Hearing, Debtor filed a Certificate of Service [ECF No. 31] and a Written Request to Reconvene the Hearing [ECF No. 32]. For reasons stated on the record, the Motion is denied.

This matter presents a classic example of the basic legal concept *Nemo dat quod non habet*, which is frequently translated as "you cannot sell that which you do not own." Debtor's real property was the subject of a sheriff sale before the petition date in this case. [ECF No. 26]. Under Minnesota law, the original redemption date was August 9, 2024. Id. Debtor filed for bankruptcy on August 9, 2024, and by operation of Section 108(c) of the Bankruptcy Code, the redemption period was extended by 60 days to October 8, 2024. Id. Where, as here, a sheriff sale precedes the petition date, the debtor's estate does not include legal title to the

foreclosed real property. The debtor's estate includes only the rights of redemption, possession, and profits or rents during the redemption period. To exercise the right of redemption, the debtor must deliver the full redemption price to the county sheriff no later than 4:00 p.m. on the redemption date. Minn. Stat. 580.23, Subd. 1(b). Except the relief set forth in Section 108(c), the bankruptcy court cannot toll the redemption date or otherwise modify the redemption process under applicable state law. Johnson v. First Nat. Bank of Montevideo, Minn., 719 F.2d 270 (8th Cir. 1983). The Motion does not indicate Debtor or the prospective purchaser have cash on hand to pay the redemption price today. The Motion describes a sale-lease back transaction with multiple contingencies, including a buyer's inspection and financing contingency. [ECF No. 26, Exh. A, pp. 2-3]. The Motion effectively seeks to toll the prepetition redemption date through satisfaction of such contingencies until an unspecified closing date. Id. at p. 5. However, the bankruptcy court lacks the authority to toll the redemption period or otherwise modify the requirements for redemption and thus, the Motion must be denied.

The Motion also has several procedural defects. Debtor is not entitled to expedited relief because he failed to comply with Local Rule 9006-1. First, LR 9006-1 clearly states that a request for expedited relief requires "all moving documents" to be filed no less than 48 hours before the hearing date. A complete motion, or "all moving documents," includes proof of service. Local Rule 9013-1(a). Debtor did not file proof of service 48 hours before the Hearing. Second, for expedited relief, LR 9006-1 requires the movant to take "all reasonable steps to provide all required

parties with prompt service or notice and must file a certificate of service specifying the efforts made." The certificate of service filed after the Hearing indicates that counsel served the Motion on October 7, 2024 "via UPS Next-Day delivery." [ECF No. 31]. The Hearing was set for October 8, 2024 at 10:00 a.m. and the deadline to object was October 8, 2024 at 8:00 a.m. This method of service virtually guarantees no opportunity to be heard at the hearing, let alone to file a timely objection in advance of the hearing. To grant relief based on the timeline described in the certificate of service would prejudice the due process rights of other parties in this case.

Third, the certificate of service does not confirm Debtor served all required parties, per Local Rule 9013-2(a). Some, but not all creditors are listed in the certificate of service. Importantly, there is no mention of whether or how the U.S. Trustee or Subchapter V trustee were informed of the expedited hearing or the deadline to respond. [ECF No. 31]. Even creditors with an interest in the property, such as EKG Capital LLC, Carlotta Estevez, and a mechanics lien creditor were described in the Motion, but they are not included in the certificate of service. Id.

Fourth, several parties were served incorrectly. For example, the IRS and several counties with tax liens were not served correctly. Service on an agency of the United States such as the Internal Revenue Service is governed by Fed. R. Bankr. P. 7004(a)(5). In addition to service on the IRS itself, the rule required the Motion to be served upon the civil process clerk at the office of the United States attorney for the District of Minnesota and the Attorney General of the United

3

States. Several counties are listed in the Debtor's schedules and described in the Motion as secured creditors. Service on counties is governed by Fed. R. Bankr. P. 7004(a)(6). The certificate of service confirms that service on the IRS and all the counties was defective here.

Unfortunately, the late-filed certificate of service and the related request to reconvene the Hearing do not cure the procedural defects in this matter. The court fully acknowledges that bankruptcy cases often require expedited relief, hence the inclusion of procedures for expedited relief in the rules. But the court cannot simply convene or reconvene a hearing on a moment's notice when creditors have had no meaningful notice or opportunity to be heard. The court must balance the benefits of expediency to the debtor against the due process rights of his creditors.

Accordingly, IT IS ORDERED: the Motion, including the request for expedited relief, is denied.

DATED: *October 8, 2024*  

*/e/Kesha L. Tanabe*
Kesha L. Tanabe
United States Bankruptcy Judge